IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DON ALBERT PAYNE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED; AND GLORIA JEAN PAYNE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED; | § § § § § § § § § | SA-19-CV-00407-FB |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| CITY OF SAN ANTONIO, TEXAS, SAN ANTONIO POLICE DEPARTMENT, WILLIAM KASBERG, SHANNON PURKISS, GERARDO MORALES, RON NIRENBERG, WILLIAM MCMANUS, MIDCROWN PAVILION APARTMENTS, SAN ANTONIO HOUSING AUTHORITY, AMY CARRILLO, | § § § § § § § § § § | |
| *Defendants.* | § | |

# **ORDER**

Before the Court in the above-styled cause of action are the following motions regarding the alleged default of various Defendants in this action: Plaintiffs' Request for Entry of Default Against Defendant City of San Antonio, Municipal Corporation [#23]; Plaintiffs' Request for Entry of Default Against Defendant MidCrowne Senior Pavilion LP [#24]; and Plaintiffs' Request for Entry of Default Against Defendants San Antonio Housing Authority and Amy V. Carrillo [#25]. By their motions, Plaintiffs asks the District Clerk to enter default against Defendants City of San Antonio (and the individual municipal Defendants Ron Nirenberg, William McManus, William Kasberg, Shannon Purkiss, and Gerardo Morales), MidCrowne

1

Senior Pavilion LP ("MidCrowne"), San Antonio Housing Authority ("SAHA"), and Amy Carrillo pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). None of the Defendants in this action are subject to entry of default at this time, and Plaintiffs' motions should be denied. The Court addresses each set of Defendants in turn.

### I. MidCrowne

MidCrowne is not subject to a clerk's entry of default but must respond to Plaintiffs' allegations as contained in their Complaint and More Definite Statement to avoid future default. The record reflects that MidCrowne filed a motion on July 2, 2019, asking the Court to order Plaintiffs to file a more definite statement so that MidCrowne could determine whether or not it is a named Defendant in this suit and how to frame a responsive pleading, if required to do so [#15]. The Court granted the motion on July 29, 2019 and ordered Plaintiffs to file a more definite statement in the form of a chart detailing the factual allegations against each Defendant [#22]. Plaintiffs filed their More Definite Statement on August 5, 2019 [#29]. The More Definite Statement includes a number of allegations against MidCrowne, including MidCrowne's alleged denial of Plaintiffs' request for a reasonable accommodation and discrimination against a public housing tenant with a disability. The Court construes these allegations as an amended pleading that clearly asserts causes of action against MidCrowne as a Defendant in this suit. MidCrowne therefore must file a responsive pleading within 14 days of this Order.

## II. SAHA and Carrillo

Nor are Defendants SAHA and Carrillo subject to default. SAHA and Carrillo filed a response to Plaintiffs' motion for Clerk's entry of default [#28], which accurately sets forth the governing law as to defending a federal action and default. SAHA and Carrillo each timely filed a motion to dismiss Plaintiffs' claims on April 23, 2019 [#3, #4]. The filing of their motions to dismiss suspends their obligation to file an answer or other responsive pleading. "[I]f the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). Because SAHA's and Carrillo's motions to dismiss remain pending before the Court, they have not failed to defend this suit. Accordingly, Plaintiffs are not entitled to a Clerk's entry of default under Rule 55(a). If the Court ultimately denies SAHA's and Carrillo's motions to dismiss, the deadline for SAHA and Carrillo to file their responsive pleading will run from that date.

## III. City of San Antonio and Municipal Defendants

Defendant City of San Antonio and the Municipal Defendants have not filed a responsive pleading since this case was removed to federal court on April 17, 2019. However, the state-court record attached to the Notice of Removal [#1-9] indicates that these Defendants were served with Plaintiffs' Amended Petition and filed an Original Answer to the Amended Petition on April 15, 2019 in state court immediately prior to removal. (Orig. Answer [#1-9] at 20–22.) Accordingly, these Defendants have not failed to defend this lawsuit and are not subject to entry of default. However, now that Plaintiffs have filed their More Definite Statement, the Court will also order these Defendants to file an amended responsive pleading responding to the allegations in Plaintiffs' state-court First Amended Petition [#1-8] and More Definite Statement

[#29] that complies with federal pleadings standards, which are more stringent than those applicable in state court.

**IT IS THEREFORE ORDERED** that Plaintiffs' Request for Entry of Default Against Defendant City of San Antonio, Municipal Corporation [#23], Plaintiffs' Request for Entry of Default Against Defendant MidCrowne Senior Pavilion LP [#24], and Plaintiffs' Request for Entry of Default Against Defendants San Antonio Housing Authority and Amy V. Carrillo [#25] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants MidCrowne Senior Pavilion LP and Defendants City of San Antonio, Ron Nirenberg, William McManus, William Kasberg, Shannon Purkiss, and Gerardo Morales (the Municipal Defendants) file responsive pleadings addressing the allegations in Plaintiffs' First Amended Petition [#1-8] and More Definite Statement [#29] that comply with federal pleading standards **on or before September 18, 2019**.

SIGNED this 4th day of September, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE