IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DON ALBERT PAYNE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED; AND GLORIA JEAN PAYNE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED; <br><br> *Plaintiffs,* <br><br> vs. <br><br> CITY OF SAN ANTONIO, TEXAS, SAN ANTONIO POLICE DEPARTMENT, WILLIAM KASBERG, SHANNON PURKISS, GERARDO MORALES, RON NIRENBERG, WILLIAM MCMANUS, MIDCROWN PAVILION APARTMENTS, SAN ANTONIO HOUSING AUTHORITY, AMY CARRILLO, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § | SA-19-CV-00407-FB |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiffs' Motion for Leave to File Amended Petition and Memorandum of Law in Support [#55]. This case was referred to the undersigned for disposition of all pretrial matters pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#6]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiffs' motion be **DENIED**.

The Court also notes that, after filing their motion for leave to amend, Plaintiffs filed an "Second Advisory to the Court" [#57] in which they request that Defendants be sanctioned for

1

failure to comply with the Court's Scheduling Order deadline to respond to Plaintiffs' offer of settlement. Plaintiffs are reminded that when they are seeking relief from the Court, they should file a motion rather than an advisory. Regardless here, Defendants have filed a response to the Advisory [#58], in which they indicate they overlooked the deadline and have rectified their mistake. Thus, any relief Plaintiffs were seeking appears to be moot. If Plaintiff disagree and do not believe the issue has been resolved, they should file a motion indicating what relief they are seeking and why they are entitled to it.

### I.  Analysis

By their motion, Plaintiffs ask the Court for leave to file an amended pleading, which proposes adding numerous additional causes of action to this lawsuit. Certain Defendants have filed a response in opposition to amendment, arguing that Plaintiffs should not be permitted what would amount to a fourth opportunity to amend their pleadings. The undersigned agrees. Plaintiffs have already had numerous opportunities to amend their pleadings and did not include these additional claims, the factual basis of which was known at earlier junctures in this litigation, in these prior amendments. Although the motion for leave to amend was timely filed within the deadline for amendment set forth in the Court's Scheduling Order, the Court should deny the motion for leave due to Plaintiffs' undue delay in seeking amendment.

This case already has a lengthy procedural history. Plaintiffs, proceeding *pro se*, originally filed this action in Bexar County, Texas on September 21, 2018. (Case History [#1-9] at 4–9.) Before this case was removed to federal court, Plaintiffs amended their pleadings, filing the 74-page First Amended Petition, which remains the live pleading in this case. (First Am. Pet. [#1-8] at 2–76.)

At the time Plaintiffs filed their Original and Amended Petitions, they also had a nearly identical cause of action pending in the Justice of the Peace Court, which was ultimately consolidated with this action in state court. (Order Granting Mtn. to Consolidate [#1-3] at 2.) One of the named Defendants, the City of San Antonio, removed the consolidated case to this Court, but the case was remanded due to a procedural defect with the removal. (Notice of Removal [#1-4, #1-5].) Following remand, Defendant San Antonio Housing Authority ("SAHA"), which had not been served prior to the original removal and remand, waived service of process and removed this case to this court on April 17, 2019. (Notice of Removal [#1].) After removal, SAHA and Defendant Amy V. Carrillo ("Carrillo") moved to dismiss Plaintiffs' claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Defendant MidCrowne Pavilion Apartments ("Midcrowne") moved for an order directing Plaintiffs to file a more definite statement. No other Defendant has moved for dismissal. The Court held its Rule 16 conference, and after the conference granted MidCrowne's motion and gave Plaintiffs another opportunity to clarify their factual allegations against the named Defendants in this case. Plaintiffs filed the more definite statement as directed on August 5, 2019 [#29].

The undersigned thereafter reviewed Plaintiffs' First Amended Petition and More Definite Statement in light of the arguments raised in SAHA's and Carrillo's motions to dismiss and issued a report and recommendation, recommending Plaintiffs' claims against SAHA be dismissed in full and Plaintiffs' claims against Carrillo be dismissed in part. While the report and recommendation was pending, Plaintiffs filed their motion for leave to amend that is the subject of this report and recommendation. Plaintiffs filed the motion on February 18, 2020, the last day to move for amendment under the Scheduling Order. The Court adopted the

undersigned's report and recommendation in full on March 6, 2020 [#59], resulting in the dismissal of all claims against Defendant SAHA and some of the claims against Defendant Carrillo.

At this juncture, Plaintiffs therefore currently have claims pending against the following Defendants: various officers of the San Antonio Police Department ("SAPD") in their individual capacities—Officer William Kasberg, Officer Shannon Purkiss, and Officer Gerardo Morales; Police Chief William McManus; MidCrowne; and Mayor Ron Nirenberg. These claims include the following: (1) wrongful eviction/unlawful search and seizure pursuant to Section 1983; (2) due process violation pursuant to Section 1983; (3) disability discrimination and failure to accommodate; (4) intentional infliction of emotional distress; (5) civil conspiracy pursuant to 42 U.S.C. § 1985; (6) violation of Section 1986; (7) conspiracy to violate the Deceptive Trade Practices Act; and (8) negligence. Plaintiffs also have the following claims pending against Carrillo: (1) wrongful eviction/unlawful search and seizure pursuant to Section 1983; (2) due process violation pursuant to Section 1983; (3) disability discrimination and failure to accommodate; (4) civil conspiracy pursuant to 42 U.S.C. § 1985; and (7) conspiracy to violate the Deceptive Trade Practices Act.

Plaintiffs' motion asks the Court for leave to file an amended pleading adding numerous additional claims—breach of contract, breach of the implied covenant of quiet enjoyment, wrongful eviction, and false arrest/imprisonment—against all named Defendants, including SAHA, a Defendant no longer in this action.

The factual basis of Plaintiffs' existing allegations against the various Defendants is that they signed a lease agreement with MidCrowne and SAHA contractually agreed to subsidize their rent under the Section 8 Program run by the U.S. Department of Housing and Urban

Development ("HUD"). According to Plaintiffs, they satisfied every payment obligation under the lease, but were nonetheless evicted in retaliation for their request for a reasonable accommodation for a disability, but it is unclear from the Amended Petition and More Definite Statement the precise nature of the accommodation requested. Plaintiffs further allege that they were subject to an unlawful warrantless search of their apartment and seizure of a firearm after management of MidCrowne alerted SAHA to a post on Mr. Payne's Facebook page that concerned firearms and ammunition.

Plaintiffs' proposed Amended Complaint [#55-3] does not seek to add several new factual allegations or simply a single cause of action to supplement what is currently pleaded. It instead is an entirely new pleading that restructures the entire complaint, all the factual allegations, and the asserted causes of action. The proposed Amended Complaint advances new claims for breach of contract, breach of the covenant of quiet enjoyment, violations of the U.S. and Texas Fair Housing Acts, false arrest and false imprisonment, and additional wrongful eviction claims. Based on the factual allegations underlying these claims, none of the new causes of action rely on facts occurring after Plaintiffs' previous amendments. Rather, the proposed Amended Complaint adds additional theories of recovery that could have been advanced before removal, as a part of an amendment as a matter of course upon removal, upon the filing of SAHA's and Carrillo's motions to dismiss following removal, as a part of Plaintiffs' more definite statement, or before the undersigned issued its report and recommendation on Defendants' motions to dismiss.

Rule 15(a) of the Federal Rules of Civil Procedure governs requests for leave to amend. The grant of leave to amend pleadings is generally within the discretion of the trial court and shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Zenith Radio Corp. v.*

*Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).  However, leave to amend "is by no means automatic."  *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).  In evaluating the propriety of an amendment, the district court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiffs' failure to amend as a matter of course or to seek leave to amend at an earlier juncture in this case constitutes undue delay in light of the significant alterations in their proposed new pleading and the lengthy procedural history of this case.  Plaintiffs had multiple opportunities to supplement their pleadings at earlier junctures in this case and did not avail themselves of this opportunity.  There is no indication based on the factual allegations in Plaintiffs' proposed Amended Complaint that they did not have knowledge of the facts underlying their new causes of action earlier in this case.  The Court has already dismissed a Defendant from this action based on early-filed dispositive motions.  The Court should deny Plaintiffs' motion for leave to amend.

## II.  Conclusion and Recommendation

Having considered Plaintiffs' motion, the response thereto by SAHA and Carrillo, the record in this case, and the governing legal standard for amendment, the undersigned recommends that Plaintiffs' Motion for Leave to File Amended Petition and Memorandum of Law in Support [#55] be **DENIED**.

### III. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 12th day of March, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE