IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DON ALBERT PAYNE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED; AND GLORIA JEAN PAYNE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED;<br><br>*Plaintiffs,*<br><br>vs.<br><br>CITY OF SAN ANTONIO, TEXAS, SAN ANTONIO POLICE DEPARTMENT, WILLIAM KASBERG, SHANNON PURKISS, GERARDO MORALES, RON NIRENBERG, WILLIAM MCMANUS, MIDCROWN PAVILION APARTMENTS, SAN ANTONIO HOUSING AUTHORITY, AMY CARRILLO,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § | SA-19-CV-00407-FB |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiffs' Applications to Proceed In Forma Pauperis on Appeal [#63, 69, #70] and Plaintiffs' Motion for Permission to Appeal and Motion to Certify Order for Interlocutory Appeal [#68]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#6]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

By their motions, Plaintiffs ask the Court for an order certifying their interlocutory appeal of the District Court's order granting in part and denying in part Defendants' motions to dismiss

pursuant to Rule 12(b)(6) and ask the Court for permission to proceed on appeal without paying court costs and fees. For the reasons that follow, the undersigned recommends the District Court decline to certify an interlocutory appeal to the Fifth Circuit and dismiss as moot Plaintiffs' motions to proceed *in forma pauperis* on appeal.

## I. Analysis

The record reflects that on March 6, 2020, the District Court adopted the undersigned's report and recommendation and granted in part and denied in part Defendants' motions to dismiss pursuant to Rule 12(b)(6). The Order dismissed all causes of action against Defendant San Antonio Housing Authority ("SAHA") and narrowed the claims against Defendant Amy Carrillo. On March 16, 2020, Plaintiffs filed a notice of an interlocutory appeal of the ruling to the Fifth Circuit and moved to proceed in forma pauperis on appeal [#63]. Defendants Amy Carrillo and SAHA responded to the notice of appeal [#64], objecting to the appeal without Plaintiffs first obtaining a certification that the interlocutory order is appealable under governing law. Plaintiffs subsequently filed the motion before the Court, asking for such an Order [#68] and filed two motions to proceed *in forma pauperis* on appeal [#69, #70], one for each Plaintiff.

The Court should decline to certify the requested interlocutory appeal. The courts of appeals have jurisdiction of appeals from all *final* decisions of the district courts of the United States. 28 U.S.C. § 1291. Interlocutory decisions, such as those partially granting and partially denying motions to dismiss, are generally not appealable. *Gomez v. Niemann & Heyer, L.L.P.*, 1:16-CV-119 RP, 2016 WL 8673848, at *1 (W.D. Tex. Aug. 8, 2016). The law disfavors interlocutory appeals, "and statutes permitting them must be strictly construed." *Mae v. Hurst*, 613 Fed. App'x. 314, 318 (5th Cir. 2015) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)).

28 U.S.C. § 1292(b) authorizes a district court to certify an order for interlocutory appeal only if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). When determining whether an interlocutory appeal would materially advance the ultimate termination of the litigation, "a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Gomez*, 2016 WL 8673848, at *2 (quoting *Coates v. Brazoria Cty.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013)). "The purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" in which the statutory criteria are met. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).

Plaintiffs have not demonstrated that an immediate appeal from the order will materially advance this litigation. An appeal would not eliminate the need for trial or simplify the issues before the Court for trial, as the order only dismissed one of many Defendants in this case. The appeal would only further delay this case. Nor have Plaintiffs demonstrated that the issues on appeal involve a controlling question of law as to which there is substantial ground for difference of opinion.

Plaintiffs argue that their appeal would challenge the District Court's failure to apply qualified immunity to SAHA because it is comprised of individuals appointed by the mayor of San Antonio and therefore not an arm of the State of Texas. (Mtn. [#68] at 1.) Plaintiffs appear to be conflating two separate arguments by making this assertion. Qualified immunity protects individual government officials from liability under Section 1983 unless the official's actions violated a clearly established constitutional right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)

(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Yet, Plaintiffs have not sued the individual members of SAHA in this lawsuit. Qualified immunity is therefore not at issue as to Plaintiffs' Section 1983 claims against SAHA. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 653 n.37 (1980) ("[T]he justifications for immunizing officials from personal liability have little force when suit is brought against the governmental entity itself."); *de la O v. Hous. Auth. of City of El Paso, Tex.*, 417 F.3d 495, 499 (5th Cir. 2005) ("The doctrine of qualified immunity . . . is applicable only to government officials, not municipal entities.").

The District Court, in adopting the undersigned's report and recommendation, held that SAHA was an entity of the City of San Antonio and therefore potentially liable under Section 1983 under the standards as to municipalities established by the Supreme Court in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). The District Court did not err in analyzing Plaintiffs' claims against SAHA under Section 1983 municipal liability standards as opposed to applying qualified immunity standards in its analysis. Plaintiffs have therefore not established that their appeal with respect to the application of qualified immunity to SAHA involves a controlling question of law as to which there is substantial ground for difference of opinion. *See* 28 U.S.C. § 1292(b).

Plaintiffs' motion, however, also references a Fifth Circuit opinion addressing whether a housing authority is an arm of the state for purposes of Eleventh Amendment Immunity—an immunity doctrine distinct from qualified immunity. (Mtn. [#68] at 1 (citing *de la O*, 417 F.3d at 499 ("As an arm of local government, not an instrument of the state, [the Housing Authority of City of El Paso, Texas] is not entitled to sovereign immunity under the Eleventh Amendment."). That case is not relevant here, because SAHA did not invoke Eleventh Amendment immunity in

seeking dismissal of any of Plaintiffs' claims. It is understandable that Plaintiffs are confused about the intricacies of this area of the law.

The Supreme Court has interpreted the Eleventh Amendment to bar suits against the states in federal court without a state's consent. *Alden v. Maine*, 527 U.S. 706, 729 (1999). The Eleventh Amendment usually does not, however, bar suits against counties, municipalities, and other political subdivisions unless the claims asserted in the suit, are in essence, claims against the state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 123–24 (1984). To determine whether a claim against a governmental unit is, in essence, a claim against the state and thus barred by Eleventh Amendment immunity, the Fifth Circuit has articulated a six-factor test. *See Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318–19 (5th Cir. 2001) (describing six-factor test to determine if an entity is an "arm" or "instrumentality" of the state for Eleventh Amendment purposes). This is the test referenced in the case cited by Plaintiffs, *de la O v. Housing Authority of City of El Paso, Tex.*, 417 F.3d at 499. Because SAHA did not invoke Eleventh Amendment immunity as its defense against Plaintiffs' Texas tort-law claims, that case, the six-factor test, and the line of cases interpreting the breadth of Eleventh Amendment immunity are not applicable here.

Eleventh Amendment immunity is also distinct from the doctrine of governmental immunity, a creature of Texas law, which was invoked by SAHA as a defense to Plaintiffs' Texas tort claims. (Mtn. to Dismiss [#3] at 6–7.) The District Court, in adopting the undersigned's report and recommendation, held that, under Texas law, SAHA enjoys governmental immunity from Plaintiffs' Texas tort claims of intentional infliction of emotional distress and negligence. Under Texas law, "governmental units" cannot be sued in tort except in a narrow set of circumstances not relevant in this case. *See* Tex. Civ. Prac. & Rem. Code §

101.021. The definition of "governmental unit" entitled to governmental immunity from tort liability under Texas law is much broader than the categories of governmental units that are immune from suit under the Eleventh Amendment. *See* Tex. Civ. Prac. & Rem. Code § 101.001(3) (defining "governmental unit" as "a political subdivision of this state, including any city, county, school district," and other similar "institutions, agency, or organ of government"). SAHA qualifies as a governmental unit by statute in Texas. *See* Tex. Loc. Gov't Code § 392.006 ("For all purposes, including the application of the Texas Tort Claims Act . . . , a housing authority is a unit of government . . . ."). Therefore, Plaintiffs cannot sue SAHA for the Texas tort claims they asserted in this lawsuit.

In summary, Plaintiffs have not identified any issue in their motion for leave to appeal that involves controlling question of law as to which there is substantial ground for difference of opinion. Plaintiffs' motion should therefore be denied. Because Plaintiffs' motion for certification of an interlocutory appeal should be denied, the undersigned also recommends that Plaintiffs' motions to proceed *in forma pauperis* on appeal be dismissed as moot.

## II.  Conclusion and Recommendation

Having considered Plaintiffs' motions, the undersigned recommends that Plaintiffs' Motion for Permission to Appeal and Motion to Certify Order for Interlocutory Appeal [#68] be **DENIED** and Plaintiffs' Applications to Proceed In Forma Pauperis on Appeal [#63, 69, #70] be **DISMISSED AS MOOT**.

## III.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of April, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

7