IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DON ALBERT PAYNE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED; AND GLORIA JEAN PAYNE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED;

*Plaintiffs,*

vs.

CITY OF SAN ANTONIO, TEXAS, SAN ANTONIO POLICE DEPARTMENT, WILLIAM KASBERG, SHANNON PURKISS, GERARDO MORALES, RON NIRENBERG, WILLIAM MCMANUS, MIDCROWN PAVILION APARTMENTS, SAN ANTONIO HOUSING AUTHORITY, AMY CARRILLO,

*Defendants.*

SA-19-CV-00407-FB

**REPORT AND RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiffs' Motion to Certify Order for Interlocutory Appeal [#105]. All pretrial proceedings in this case have been referred to the undersigned for disposition. The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, it is recommended that Plaintiffs' Motion [#105] be **DENIED**.

## I. Analysis

By their motion, Plaintiffs, proceeding *pro se*, ask the District Court to certify an interlocutory appeal of the Court's Order dated August 4, 2020 [#103]. In that Order, the

District Court adopted the undersigned's report and recommendation, denied Plaintiffs' objections, and denied Plaintiffs' motion for leave to amend their pleadings. The Court also affirmed the undersigned's Order dated July 9, 2020 [#95] regarding Plaintiffs' invocation of the physician-patient and psychotherapist-patient privilege as to certain mental-health records of Mr. Payne, applying the applicable standard for appeals from a Magistrate Judge's Order. The Court should deny Plaintiffs' motion to certify an interlocutory appeal of this Order.

"The basic principle of appellate jurisdiction is that appeals may be taken only from final judgments." *Commodity Futures Trading Comm'n v. Preferred Capital Inv. Co.*, 664 F.2d 1316, 1318–19 (5th Cir. 1982) (citing 28 U.S.C. § 1291). "The final judgment rule is based on the policy against piecemeal appeals and the inevitably attendant delay and increase in costs that result from piecemeal appeals." *Id.* (citing C. Wright, Handbook of the Law of Federal Courts § 101 (3d ed. 1976)). Under 28 U.S.C. § 1292(b), however, a district court may certify an order for interlocutory appeal where such order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Such certification is at the court's discretion. *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011).

Regarding the denial of Plaintiffs' objections to the report on the motion for leave to amend, Plaintiffs complain that Judge Biery took five months to adopt the report, failed to clearly indicate that he was conducting a *de novo* review of the recommendation, and failed to adequately explain the reasons for his denial of the motion for leave to amend. This procedural argument lacks merit. Judge Biery's order states that the Court both reviewed Plaintiffs' objections and conducted a *de novo* review but ultimately found the objections to lack merit. (Order [#103] at 2.)

Regarding the District Court's denial of Plaintiff's appeal of the undersigned's Order on the physician-patient and psychotherapist-patient privilege, Plaintiffs argue the District Court's Order is appealable under the collateral order doctrine recognized in the Supreme Court's decision in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). *Cohen* held that 28 U.S.C. § 1291, while limiting appeals to final judgments, "encompasses not only judgments that 'terminate an action,' but also a 'small class' of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106–07 (2009) (quoting *Cohen*, 337 U.S. at 545–46). "That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995). The collateral order doctrine applies only when three conditions are met. *Will v. Hallock*, 546 U.S. 345, 349 (2006). The order at issue must (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *Id.* Plaintiffs have not demonstrated that all of these conditions are met, such that an interlocutory appeal should be certified under the collateral order doctrine.

The District Court affirmed the undersigned's Order rejecting Plaintiffs' invocation of the physician-patient and psychotherapist-patient privileges in attempting to resist discovery of certain mental-health records. Although the Order challenged by Plaintiffs conclusively determined a disputed question (whether Plaintiffs could invoke the physician-patient and psychotherapist-privilege and whether that privilege had been waived), the Order does not satisfy the third requirement of the collateral order doctrine that the order at issue be effectively unreviewable on appeal from a final judgment.

Interlocutory review of pretrial discovery orders is not usually permitted because the general rule is that most discovery rulings are not final. *Mohawk Indus.*, 558 U.S. at 108; *see also* 15B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3914.23, p. 123 (2d ed. 1992) ("[T]he rule remains settled that most discovery rulings are not final"). And the Supreme Court has already considered and rejected the general assertion that discovery orders involving issues of privilege, in that case the attorney-client privilege, should qualify for immediate appeal under the collateral order doctrine. *See Mohawk Indus.*, 558 U.S. at 108–09 (holding that "[a]ppellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence").

The Second Circuit recently considered whether there was reason to depart from this Supreme Court's holding in the context of the psychotherapist-privilege. *See Rosner v. United States*, 958 F.3d 163, 166 (2d Cir. 2020). The Court saw "no reason to apply a different rule to the psychotherapist-patient privilege." *Id.* Although the Court recognized that the erroneous disclosure of a psychotherapist-patient communication may not always be fully redressed upon final judgment, as there may always be some harm to the patient stemming from the embarrassment or disgrace caused, the Court ultimately concluded that "simply because 'a fraction of orders adverse to the . . . privilege may nevertheless harm individual litigants in ways that are only imperfectly reparable does not justify making all such orders immediately appealable as of right under § 1291." *Id.* (quoting *Mohawk*, 558 U.S. at 112). And importantly, the Second Circuit emphasized that protective orders are available to limit the negative effects of

disclosing sensitive, confidential, or potentially embarrassing information. *See id.* (citing *Mohawk*, 588 U.S. at 112).

The same protections can be put in place here. It is important to note that the Court did not grant full disclosure of all of Mr. Payne's mental health records in rejecting Plaintiffs' assertion of the physician-patient and psychotherapist-patient privileges. Rather, the Court limited the discovery to the following records from the Center for Health Care Services:

> ANY AND ALL RECORDS FROM 01/01/2015 TO THE PRESENT, including but not limited to admission records; discharge reports and instructions; doctor's notes; nurse's notes; patient information sheets; patient questionnaires; patient evaluation forms; documentation related to diagnosis and/or prognosis; mental health treatment records; psychological test results.

(Order [#95] at 10.) Plaintiff can designate any of these materials as confidential under the standard confidentiality and protective order utilized in the Western District of Texas or a separate protective order agreed to by the parties.

The docket indicates the parties have not yet requested the entry of a protective order. The undersigned will therefore order the parties to submit a proposed confidentiality and protective order for the Court's review within seven days of this Order. If no proposed order is submitted, the Court will *sua sponte* issue the standard Western District order.

In summary, because Plaintiffs have not demonstrated that the Order they seek to appeal is essentially unreviewable on appeal from a final judgment, their motion to certify an interlocutory appeal should be denied. Plaintiffs may raise this issue on appeal after a final judgment is entered in this case.

## II. Order and Recommendation

**IT IS THEREFORE ORDERED** that the parties submit for the Court's review a proposed confidentiality and protective order within **seven days** of this Order.

It is also **recommended** that Plaintiffs' Motion to Certify Order for Interlocutory Appeal [#105] be **DENIED**.

**III. Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of August, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE