IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DON ALBERT PAYNE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED; AND GLORIA JEAN PAYNE, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED;<br><br>*Plaintiffs,*<br><br>vs.<br><br>CITY OF SAN ANTONIO, TEXAS, SAN ANTONIO POLICE DEPARTMENT, WILLIAM KASBERG, SHANNON PURKISS, GERARDO MORALES, RON NIRENBERG, WILLIAM MCMANUS, MIDCROWN PAVILION APARTMENTS, SAN ANTONIO HOUSING AUTHORITY, AMY CARRILLO,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § | SA-19-CV-00407-FB |

**ORDER**

Before the Court is the above-styled cause of action, which was referred to the undersigned for all pretrial proceedings. On April 16, 2021, the Court received Plaintiffs' Advisory [#139], in which Plaintiffs challenge the Court's authority to extend the dispositive motions deadline to allow Defendant MidCrown Pavilion Apartments to file a dispositive motion in this case, arguing there was no good cause to do so. Plaintiffs' Advisory indicates that they intend to refuse service of the motion and do not intend to file a response in opposition. Plaintiffs' Advisory also states that they refuse to respond to the motion until the Court has ruled on Plaintiffs' motion for reconsideration that is pending before the District Court.

1

This Court has authority to *sua sponte* modify an existing scheduling order, and there was good cause to do so in this case. Plaintiffs are proceeding *pro se* in this matter and originally sued ten different Defendants in their lawsuit, which asserts eight different causes of action. All Defendants except for Defendant MidCrown Pavilion Apartments filed dispositive motions within the deadline to do so, and this Court has significantly narrowed the parties and causes of action at issue based on various immunities, legal defects, and factual deficiencies identified in those motions. The District Court issued an Order on March 30, 2021, granting various motions for summary judgment and disposing of all of Plaintiffs' claims against the majority of Defendants named in this case [#128]. This Order denied Carrillo's motion for judgment on the pleadings without prejudice to refiling after Plaintiffs argued they had never received the motion and had not been given a true opportunity to respond. The only two Defendants now remaining are Defendant Amy Carrillo and Defendant MidCrown Pavilion Apartments.

The undersigned thereafter provided both Carrillo with a deadline of April 13, 2021, to re-file her 12(c) motion or to file a motion for summary judgment [#129]. That Order also gave MidCrown the same deadline to file any dispositive motion. Both parties filed new dispositive motions within this deadline.

This Court had power to amend the scheduling order under its inherent authority to manage its docket. It would be an enormous waste of judicial resources to empanel a jury and hold a trial (especially during the COVID-19 pandemic) without first addressing any legal infirmities in the asserted claims against MidCrown and Carrillo. This case has a long and complex procedural history with multiple unsuccessful interlocutory appeals. There is no trial date set in this case. Providing the remaining parties with an opportunity to address which claims they believe are legally plausible and should proceed to trial (and an opportunity for

Plaintiffs to respond) prior to returning this case to the District Court and setting the case for trial conserves judicial resources and promotes efficiency and is consistent with this Court's inherent power to manage its docket. *See Dietz v. Bouldin*, --U.S.--, 136 S. Ct. 1885, 1892 (2016). The Court also reminds Plaintiffs that by filing a motion for reconsideration (or even a new interlocutory appeal), they have not effectuated a stay of this matter. Plaintiffs' response to Defendant Carrillo's motion for judgment on the pleadings and MidCrown's motion to dismiss for failure to state a claim are due within 14 days of Plaintiffs' receipt of the motions by mail. *See* W.D. Tex. Loc. R. CV-7(e) (responses to dispositive motions due within 14 days of motion's filing). Plaintiffs are not required to file a response to the pending dispositive motions, but their failure to do so may have an adverse impact on their case. If Plaintiffs wishes their position on the motions to be considered, they must file a response by the deadline or seek an extension of time before the deadline expires.

    SIGNED this 20th day of April, 2021.

ELIZABETH S. ("BETSY") CHESTNEY  
UNITED STATES MAGISTRATE JUDGE